Rufus R. **BROOKS**, Plaintiff–Appellant,

v.

**ALLISON DIVISION OF GENERAL MOTORS CORPORATION, and Local 933, United Auto Workers, Defendants–Appelles.**

No. 88–1002.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 28, 1989.

Decided May 18, 1989.

Rehearing Denied June 16, 1989.

---

Keith E. White, Herbert C. Snyder, Jr., Barnes & Thornburg, Indianapolis, Ind., for plaintiff-appellant.

Barry A. Macey, Nora L. Macey, Segal and Macey, Indianapolis, Ind., for defendants-appellees.

Before POSNER, RIPPLE, and MANION, Circuit Judges.

POSNER, Circuit Judge.

Rufus Brooks sued both his former employer, a division of General Motors, charging racial discrimination in violation of Title VII and 42 U.S.C. § 1981, and his union, charging a breach of the union's duty of fair representation. The complaint was filed more than five years after the alleged discrimination and more than four years after Brooks had received his "right to sue" letter from the EEOC. The district judge granted the defendants' motion for summary judgment on the basis of the statute of limitations, and dismissed the case.

Brooks, still pro se, appealed. His appeal brief neither cites any legal authorities nor specifies any error in the district court's decision. The argument section of the brief is a one-page narrative of the events leading up to Brooks's discharge by General Motors. There is no argument. So naked a submission is frivolous per se. See *Mays v. Chicago Sun–Times,* 865 F.2d 134, 138 (7th Cir.1989); *Mitchel v. General Electric Co.,* 689 F.2d 877 (9th Cir.1982).

General Motors asks us to impose sanctions on Brooks for filing a frivolous appeal. See Fed.R.App.P. 38. Ordinarily we would agree, notwithstanding Brooks's pro se status. See *Bacon v. American Feder-*ation, 795 F.2d 33, 35 (7th Cir.1986); *Reis v. Morrison,* 807 F.2d 112 (7th Cir.1986). But the circumstances here are special—and are the reason for our writing in what would otherwise be a routine case. Rather than filing a motion to dismiss the appeal on the ground that it was frivolous and hence did not even invoke this court's jurisdiction, see *Crowley Cutlery Co. v. United States,* 849 F.2d 273, 276–78 (7th Cir.1988); cf. *Mather v. Village of Mundelein,* 869 F.2d 356 (7th Cir.1989) (per curiam), and coupling the motion with a brief motion for sanctions, General Motors filed a full-fledged printed brief on the merits. This was a waste of General Motors' money and our time. A sanction for a frivolous filing is in the nature of a tort remedy for negligent (in aggravated cases, intentional) misconduct, *Hays v. Sony Corp.,* 847 F.2d 412, 418 (7th Cir.1988); and when a tort victim fails to take reasonable steps to mitigate his damages, those damages are either cut down or eliminated altogether under the principle of "avoidable consequences," on which see *EVRA Corp. v. Swiss Bank Corp.,* 673 F.2d 951, 958 (7th Cir.1982). The duty to mitigate is already recognized in cases under Fed.R.Civ.P. 11, see *Dubisky v. Owens,* 849 F.2d 1034 (7th Cir.1988); *Brown v. Federation of State Medical Boards,* 830 F.2d 1429, 1439 (7th Cir.1987), and the same principles govern sanctions proceedings under Fed.R.App.P. 38 as govern those under Rule 11. See, e.g., *Hill v. Norfolk & Western Ry.,* 814 F.2d 1192, 1200 (7th Cir.1987); *Thornton v. Wahl,* 787 F.2d 1151 (7th Cir.1986); cf. *Mays v. Chicago Sun–Times, supra,* 865 F.2d at 139. We have imposed sanctions under Rule 38 for the filing of a frivolous request for sanctions, *Foy v. First National Bank,* 868 F.2d 251, 258 (7th Cir.1989), and today we take the next step and deny an otherwise meritorious motion for sanctions because the movant failed to take reasonable steps to mitigate the burdens imposed on it by the frivolous pleading for which sanctions are sought.

True, Brooks was not the only victim of General Motors' failure to mitigate its damages; this court, which had to read its

needlessly prolix finding, was a victim too. Unlike Rule 11 of the civil rules, on which see *Frantz v. United States Powerlifting Federation*, 836 F.2d 1063, 1066 (7th Cir. 1987), Rule 38 of the appellate rules does not authorize a fine paid to the court, but only the award of "just damages and single or double costs *to the appellee.*" (Emphasis added.) Perhaps there is inherent power to punish for abuse of process, but this case is not of a magnitude sufficient to warrant exploration of that question.

APPEAL DISMISSED; MOTION FOR SANCTIONS DENIED.