927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudy HICKS, Plaintiff,
and
Mamie Hicks, Plaintiff-Appellant,
v.
G.L. HENMAN, Defendant-Appellee.
 No. 89-2514.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided March 4, 1991.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 87 C 3652, William D. Stiehl, Judge.
 S.D.Ill.
 DISMISSED.
 Before POSNER, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Rudy Hicks is an inmate at the United States Penitentiary at Marion, Illinois, (Marion). Mamie Hicks is Rudy's mother. Mr. Hicks and Mrs. Hicks filed a pro se complaint pursuant to 28 U.S.C. Sec. 1983 in which they alleged that various officials at Marion and at the United States Penitentiary at Lompoc, California, (Lompoc), violated Mr. Hicks's constitutional rights by putting poisons in his food, by ignoring his serious medical and safety needs, by causing unnamed corrections officers to threaten his safety in retaliation for an earlier lawsuit, and by disciplining and transferring him from Lompoc on a false disciplinary ticket. The complaint did not allege any personal injury to Mrs. Hicks. She, however, claimed that her son had been injured physically and mentally to the point of incompetency and sought to proceed on his behalf.
 
 
 2
 The district court dismissed Mrs. Hicks as a plaintiff in her own behalf for lack of standing since she alleged no personal injury. She remained involved in the suit, however, pending a determination of Mr. Hicks's competency. The district court ordered that Mr. Hicks be sent to the United States Medical Center for Federal Prisoners at Springfield, Missouri, for an evaluation of his competency. Based on the report from the medical professionals at Springfield, the district court found that Mr. Hicks was physically and mentally capable of pursuing litigation on his own behalf. Mr. Hicks then filed a request for a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1). In an order of June 9, 1989, the district court concluded that Mr. Hicks was competent, and granted his request to dismiss the action. On June 13, 1989, the district court entered an order denying Mrs. Hicks's request to be appointed guardian ad litem.
 
 
 3
 Mrs. Hicks timely filed a notice of appeal from this judgment. The notice of appeal states that "MAMIE HICKS and RUDY HICKS, plaintiffs-appellants in the above-entitled matter, appeals [sic]," but only Mrs. Hicks signed the notice of appeal. Mrs. Hicks did not file an appearance form. Mrs. Hicks's signature alone appears on the jurisdictional statement and on motions for appointment of counsel and to proceed in forma pauperis. Mr. Hicks himself has responded to this court's notice pursuant to Fed.R.App.P. 34(a). He has also written a letter to Judge Cudahy seeking an x-ray of his head, which he contends will reveal that the CIA has implanted "some kind of miniaturized mind reading, message receiving, pain causing device" in his head as part of a scientific experiment to promote national security. The response to the Rule 34(a) notice and letter to Judge Cudahy, however, are insufficient to make Mr. Hicks a party to this appeal.
 
 
 4
 Mrs. Hicks has also filed a brief which only she signed as "Appellant Pro Se on behalf of her son RUDY HICKS." Mrs. Hicks argues that (1) the district court abused its discretion by failing to appoint counsel to represent her son, or alternatively to appoint her as her son's guardian ad litem; and (2) her son was denied his constitutional right to have his physical and mental competency determined by an impartial and unbiased medical examiner.
 
 
 5
 Mrs. Hicks is not a lawyer; consequently, she may not represent or appear on behalf of her son to challenge the district court's refusal to appoint counsel for him or to assert his due process rights. See 28 U.S.C. Sec. 1654; Lewis v. Lenc-Smith Mfg., 784 F.2d 829, 830 (7th Cir.1986). It is a closer question whether Mrs. Hicks may, on her own behalf, challenge the denial of her request that she be appointed guardian for her son. We need not address that issue, however, because other than stating in an argument heading that the district court abused its discretion in failing to appoint her as guardian ad litem for her son, she makes no argument on this point and cites no case law. See Fed.R.App.P. 28(a)(4). A mere narrative of events in the Statement of the Case is not sufficient to raise the issue on appeal, see Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989); consequently, it is waived. See Rutan v. Republican Party of Illinois, 868 F.2d 943, 946 n. 1 (7th Cir.1989), rev'd in part on other grounds, 110 S.Ct. 2729 (1990). We recognize that Mrs. Hicks is proceeding pro se, but even a pro se litigant must provide some identifiable argument. See McCottrell v. Equal Employment Opportunity Comm'n, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 6
 Because Mrs. Hicks is not an attorney, she may only represent her own interests before this court. The issues she raises, however, advance her son's interests. Accordingly, the notice of appeal, jurisdictional statement, and brief that Mrs. Hicks has filed on behalf of her son are stricken, and this appeal is
 
 
 7
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Rudy Hicks, although not a party to this appeal, has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record