949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert A. PFLUGER, Petitioner/Appellant
v.
COMMISSIONER OF the INTERNAL REVENUE SERVICE, Respondent/Appellee.
 No. 90-3266.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.[1]
Decided Dec. 10, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Dr. Robert A. Pfluger filed a petition in the United States Tax Court disputing tax deficiencies and subsequent penalties assessed against him by the Internal Revenue Service. This petition was dismissed pursuant to Rule 40 of the Tax Court Rules of Practice and Procedure for failure to state a claim upon which relief may be granted. He appeals that decision. We dismiss this appeal and grant appellee's request for sanctions. We will address the relevant facts as necessary.
 
 ANALYSIS
 
 2
 Dr. Pfluger states that he petitioned the tax court to question the constitutionality of "leveling", a wealth redistribution system reminiscent of Robin Hood and the Merry Men, where the wealthy are taxed to subsidize the poor. This is not the first time he has asserted that argument. In 1988, this court ruled on another "tax protester" case filed by Dr. Pfluger. In our opinion we noted that Dr. Pfluger "undertook extensive research into the tax system and concluded that the federal income tax was an unconstitutional 'leveling' device." We stated "The Tax Court rejected this argument and Dr. Pfluger has wisely chosen not to challenge that determination here." Pfluger v. Commissioner, 840 F.2d 1379, 1380 n. 2 (7th Cir.1988). However, he chose to bring this claim on this occasion. We do not need to address his assertion, as the appeal is frivolous per se.
 
 
 3
 An appellant must file a brief with this court making an argument containing the contentions of the appellant and the reasons for those contentions, supported with citations to authorities, statutes, and parts of the record relied upon. Fed.R.App.P. 28(a)(4). Dr. Pfluger did not fulfill this requirement. Dr. Pfluger's "argument" was a reiteration of his claim, an obscure citation to the dissenting opinion in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 (1963), and an alleged quote by Samuel Adams from a book about his life. These few sentences preceded less than a page of a narration of the events which brought him to this court. Later in his reply brief, Dr. Pluger cites a Seventh Circuit decision for a proposition not stated within. Dr. Pfluger appears pro se. While we construe his brief liberally, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972), we conclude that the submission is frivolous. Dr. Pfluger does not cite any legal precedent, nor does he specify any error in the Tax Court. This dearth of authority matched with a failure to cite error and a narrative of the events leading to his appeal is not an argument. "So naked a submission is frivolous per se." Brooks v. Allsion Division of General Motors, 874 F.2d 489, 490 (7th Cir.1988). Therefore, this appeal must be dismissed. John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990).
 
 
 4
 Appellee has requested sanctions be imposed against Dr. Pfluger. Despite the pro se status of the appellant in the Brooks case, this court considered sanctioning the appellant pursuant to Fed.R.App.P. 38. Under Rule 38, the sanction award is of "just" damages and single or double costs to the appellee. In Brooks, only because the appellees fully addressed the merits of the appellant's claim was the request for sanctions denied. In essence, appellees forfeited their right to sanctions by failing to mitigate their damages. We determined however, that the motion was otherwise meritorious. As in Brooks, the appellee in this case has moved for sanctions pursuant to Rule 38, as well as 28 U.S.C. § 1912 and Internal Revenue Code § 7482(c)(4). Unlike Brooks, the appellee asserted throughout the proceedings and in the brief that the petition and appeal were wholly frivolous.
 
 
 5
 Previously we have held that when an appellant knew or should have known that a claim was completely frivolous, the appellant must pay for the cost of the self-indulgent litigation. Coleman v. Commissioner, 791 F.2d 68, 73 (7th Cir.1986). Dr. Pfluger has previously advanced his "leveling" assertion on two occasions in the Tax Court--this case, and his previous case before the Tax Court. On each occasion he was informed that the claim was completely without merit. This court even acknowledged as much in our decision on other issues. Pfluger, 840 F.2d at 1380. Nonetheless, he has chosen to bring this appeal. Dr. Pfluger cannot claim ignorance of the frivolity of his claim. We have stated:
 
 
 6
 Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments.... People who wish to express displeasure with taxes must choose other forums, and there are many available. Taxes are onerous, no doubt, and the size of the tax burden gives people reason to hope that they can escape payment. Self-interest calls forth obtuseness. An obtuse belief--even if sincerely held--is no refuge, no warrant for imposing delay on the legal system and costs on one's adversaries. The more costly obtuseness becomes, the less there will be. Coleman, 791 F.2d at 72.
 
 
 7
 We find that Dr. Pfluger has abused the legal system by filing this frivolous appeal. Therefore, we assess him $1500 to be paid to the appellee to offset the cost of this litigation. See id. at 73.
 
 
 8
 APPEAL DISMISSED AND MOTION FOR SANCTIONS GRANTED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record