963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patrick E. LOCKE, Plaintiff/Appellant,
v.
James GREER, C.T. Caraway, Russell Ticer, et. al.,
Defendants/Appellees.
 No. 90-3840.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.*
Decided May 29, 1992.
 
 Before CUMMINGS, and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Patrick Locke, an inmate at the Menard Correctional Center (Menard), alleges that prison officials violated his rights during a disciplinary proceeding. The district court dismissed Locke's complaint for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). We affirm.
 
 I.
 
 2
 In September of 1989, racially motivated gang violence broke out at Menard. Shortly after the incident, a prison investigator, Lieutenant Caraway, questioned Locke without reading the Miranda warnings or otherwise informing Locke of his rights. After the investigation, Caraway drafted an investigation report which was provided to prison officials but not to Locke. Based on the report, the prison charged Locke with possessing a weapon. The prison notified Locke of the charges by sending him an official disciplinary write-up.
 
 
 3
 After reviewing the weapons charge, the prison Adjustment Committee proceeded to a disciplinary hearing. The only evidence presented at the hearing was the investigation report and Locke's own testimony. Locke claimed that he was defending himself during the incident but that he did not have a weapon. The Adjustment Committee found Locke guilty of possessing a weapon, giving the following reasons for its decision:
 
 
 4
 Based upon the investigation by Lt. Caraway that Inmate Lock [sic] N 71968 did have a weapon at the time of the incident of the 26th of Sept. and the fact that inmate Lock N 71968 admitted that he was present during the incident.
 
 
 5
 After the hearing, Locke sued various prison officials in federal court alleging that the proceeding violated 42 U.S.C. § 1983. The district court dismissed Locke's case for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and Locke appeals.
 
 
 6
 Locke raises three challenges to his disciplinary proceeding: (1) the officer's failure to read him the Miranda warnings, (2) the prison's refusal to release the investigatory report, and (3) the Committee's issuance of a cursory statement of reasons.[1]
 
 II.
 A. The Miranda Warnings
 
 7
 The failure to give Miranda warnings is not cognizable under 42 U.S.C. § 1983. Thorton v. Buchmann, 392 F.2d 870, 874 (7th Cir.1968); Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir.1976) (cited favorably in Hensley v. Carey, 818 F.2d 646, 650 (7th Cir.1987)); Johnson v. Carroll, 694 F.Supp. 500, 504 (N.D.Ill.1988). The appropriate remedy for a violation of Miranda is the exclusion of evidence, not civil damages under § 1983. Id.
 
 B. Access to the Disciplinary Report
 
 8
 Locke argues that prison officials violated the principles of Chavis v. Rowe, 643 F.2d 1281, 1286 (7th Cir.), cert. denied, 454 U.S. 901 (1981), by denying him access to a prison disciplinary report. Under Chavis, prison officials who possess material, exculpatory information must provide that information to prisoners involved in disciplinary proceedings. Id.; Campbell v. Henman, 931 F.2d 1212, 1213 (7th Cir.1991). "Exculpatory" information is information "clearing or tending to clear from alleged fault or guilt." Black's Law Dictionary (4th ed.1979). Such information is distinct from inculpatory information which helps establish guilt. Id.
 
 
 9
 Locke alleges that the prison investigation report placed him at the scene of the incident and accused him of possessing a weapon. Such information is inculpatory, not exculpatory; hence the prison could properly withhold it. United States v. Douglas, 874 F.2d 1145, 1163 (7th Cir.), cert. denied, 493 U.S. 841 (1989).
 
 C. The Statement of Evidence
 
 10
 Before punishing a prisoner, prison officials must provide a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). The necessary intricacy of the statement depends upon the "severity of the charges and the complexity of the factual circumstances and proof offered by both sides." Pardo v. Hosier, 946 F.2d 1278, 1285 (7th Cir.1987).
 
 
 11
 In some circumstances, prison officials may issue a short statement which merely adopts the reasoning of an investigative report. Pardo, 946 F.2d at 1284; Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987), cert. denied, 485 U.S. 990 (1988); Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987). This is acceptable as long as the charge is a simple one such as battery or using abusive language and the "only issue presented at the hearing [is] an assessment of the conduct report and the plaintiff's account of the incident." Id.; Culbert, 834 F.2d at 631.
 
 
 12
 However, where the charge is complex or the evidence is conflicting, the committee must explain its decision in some detail. This was the case in Hayes, where the charge was conspiracy to incite a riot, and in Chavis, where the disciplinary report contained contradictory information. Chavis, 643 F.2d at 1287; Hayes v. Walker, 555 F.2d 625 (7th Cir.), cert. denied, 434 U.S. 959 (1977). In both cases, prison tribunals justified guilty findings by adopting disciplinary reports without providing further facts or explanations. This court found both statements unacceptable.
 
 
 13
 Locke's case is like the former line of cases rather than the latter. Locke was convicted of carrying a weapon in prison, a charge involving simple facts. Locke claimed that he did not possess a weapon; the investigator claimed that he did. The Adjustment Committee believed the investigator and noted this in its opinion. No further explanation was needed.
 
 
 14
 The district court's dismissal is therefore,
 
 
 15
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In his brief, Locke mentions a case which is unrelated to his three claims. He simply cites the case and gives its holding, "[n]o evidence was produced linking the prisoner with the contraband," without providing any connection between the cited case and his case. Such a limited discussion of the issue will not permit appellate review. While it is true that pro se briefs must be construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), they are not immune from judicial scrutiny. See Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir.1989)