96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eddie GILLIS, Plaintiff-Appellant,
v.
CHICAGO TRANSPORTATION AUTHORITY, Defendant-Appellee.
 No. 95-1284.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.*
Decided Aug. 30, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Eddie J. Gillis, Jr. ("Gillis") was dismissed on November 15, 1991 by the Chicago Transportation Authority ("CTA") after seventeen years of employment. Gillis subsequently filed a lawsuit, claiming that the CTA deprived him of due process by failing to observe his seniority status in conducting the reduction-in-force, or alternatively, by firing him in violation of the CTA's for-cause-only termination policy. Because Gillis has not shown a deprivation of a federal right, we affirm the decision below granting the CTA's motion for summary judgment.
 
 
 2
 Under the CTA's layoff procedures, laid-off employees would be recalled to service if their job positions became available again. (Def.'s App. at 9). Gillis was not recalled to service following the layoff, because his position was, and remained, eliminated. Id. Subsequently, Gillis, along with several other "laid-off" employees, filed suit against the CTA pursuant to 42 U.S.C. § 1983 alleging due process violations on two alternative theories--that they had been improperly laid off or that they had been unlawfully terminated without cause in violation of state laws. These suits were consolidated before Judge Hart who granted the CTA's motion for summary judgment of the due process claims. (R. at 103-104).[1] Judge Hart ruled that even if the state law seniority provisions or the for-cause termination policy created entitlements to federal due process protection, the the CTA could not be subjected to municipal liability since Gillis failed to demonstrate that the CTA had a custom or policy of pretextually discharging employees. Id. The additional Title VII claims, brought by the plaintiffs other than Gillis, remained pending before Judge Hart until he recused himself upon learning that the lawyer who would handle the Title VII trial on behalf of the CTA had once been his law partner more than twelve years earlier. (R. at 126, 128-29, 149-51). The case was then reassigned to Judge Anderson, who denied Gillis' motion to reconsider the entry of summary judgment of the due process claims, and entered final judgment. (R. at 149-51).
 
 
 3
 On appeal, Gillis argues that the summary judgment was improper due to Judge Hart's bias allegedly resulting from his former affiliation with one of the CTA's lawyers, and because Gillis was dissatisfied with his lawyer's representation. (Pl.'s Br. at 4-5). We first note than any alleged bias on the part of the district judge is irrelevant since we review the judgment below de novo drawing all reasonable inferences from the facts in favor of Gillis. See Estate of Cole v. Fromm., et al., No. 95-4087, slip op. at 2 (7th Cir. Aug. 12, 1996). Secondly, as correctly noted by the CTA, dissatisfaction with one's attorney--especially where, as here, the Sixth Amendment is inapplicable--does not constitute grounds for reversal. To survive summary judgment, Gillis must show that there is a material issue of fact requiring a trial on the merits of his allegations. Williams v. Ramos, 71 F.3d 1246, 1248 (7th Cir.1995).
 
 
 4
 Gillis does not identify any theory in his appellate brief of why summary judgment was wrong on the merits, nor does he re-assert any of his challenges made before the district court. This is fatal to his appeal. See Johnson v. Duneland Sch. Corp., No. 95-3390, slip op. (7th Cir. Aug. 12, 1996) (noting that we will not consider issues raised before the district court that have not been raised on appeal). The only arguments regarding the merits are made for the first time in Gillis' reply brief, and, therefore, are not properly before us. Horn v. Transcon Lines, Inc., 7 F.3d 1305, 1308 (7th Cir.1993) (limiting appellate review to issues raised in appellant's initial brief). Even if we were to consider these arguments, they fail to demonstrate a material issue of fact. At most, Gillis' reply brief asserts that prior budget-related layoffs indicate a pattern or policy of improper terminations in violation of state law. But he does not explain how such a policy was pretext for unlawful discrimination, nor does he cite any relevant authority. See Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989) (a brief that "neither cites any legal authorities nor specifies any error in the district court's decision is frivolous."). More importantly, Gillis has failed to demonstrate a link between the CTA's prior budget-related layoffs and its actions toward him. See Whalen v. Rubin, No. 95-2893, slip op. at 8-9 (7th Cir. Aug. 7, 1996). Since Gillis has not demonstrated the existence of a triable issue of material fact concerning his allegations, Celotex v. Catrett, 477 U.S. 317, 322-23 (1986), we AFFIRM the district court's decision granting the CTA's motion for summary judgment.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We note that plaintiff's pro se status does not absolve his responsibility under Federal Rule of Appellate Procedure 30(a) and Circuit Rule 30 of appending the opinion below from which he is appealing to his brief. See In re Galvan, Nos. D-244, D-245, D-246 & D-247, slip op. (7th Cir. Aug. 13, 1996)