114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sylvester JONES, Plaintiff-Appellant,
v.
UNITED STATES SUPREME COURT, et al., Defendants-Appellees.
Sylvester JONES, Plaintiff-Appellant,
v.
VIACON BROADCASTING OF MISSOURI, et al., Defendants-Appellees.
 Nos. 96-3262, 96-3289.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 7, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pro se litigant, Sylvester Jones, appeals the dismissal of two cases in which he names hundreds of defendants. In one case, Jones alleged that Sharp Copier Company, among others, perpetrated fraud on American consumers. In the other case, Jones sought recovery for violations of 42 U.S.C. §§ 1981, 1985, 1986, and 1988 against various federal officials and courts, private companies, and individuals. The district court, sua sponte, dismissed both actions with prejudice for lack of jurisdiction. Because we conclude that Jones has failed to establish that the federal courts have jurisdiction over any of the defendants or actions set forth, we affirm.
 
 
 2
 Both of Jones' complaints are comprised of incomprehensible legal and factual assertions against hundreds of defendants. His appellate briefs are filled with nonsensical string cites to various authority and the arguments are fragmented contentions and allegations. In addition, Jones does not state a reason for reversal of the district court in either case.
 
 
 3
 An appellant's brief must "contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to authorities, statutes, and parts of the record relied on." Fed.R.App.P. 28(a)(6). We have previously warned pro se litigants that this court may dismiss an appeal that does not contain an identifiable argument or that fails to specify any error in the district court's decision. Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir.1989); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984). Because Jones has failed to make a "minimally complete and comprehensible argument for each of his claims," Luddington v. Indiana Bell Tel. Co., 966 F.2d 225, 230 (7th Cir.1992), cert. denied, 511 U.S. 1068 (1994), or specify error made by the district court, he has not satisfied the requirements of Federal Rule of Appellate Procedure 28.
 
 
 4
 Even if his appellate briefs were comprehensible, we would still affirm the district court because the court lacked jurisdiction over the claims. Federal courts are courts of limited jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). A plaintiff may bring an action in federal court only if the action is authorized by Article III of the Constitution or if a statute promulgated by Congress authorizes the federal courts to hear that type of case, i.e., only if the federal court has subject matter jurisdiction. Id. at 541.[1]
 
 
 5
 Here, Jones disputes the constitutionality of statutes governing judicial and congressional acts, as well as alleging that multiple conspiracies were formed to convict him with tainted evidence. He also generally states that the defendants are guilty of racial discrimination and that various defendants perpetrated fraud against American consumers. Jones cites to numerous federal statutes and Constitutional provisions, including criminal conspiracy statutes and the First, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments. However, he does not frame his arguments in a discernable fashion and, as such, we will not construct his arguments for him. See Roland v. Langlois, 945 F.2d 956, 963 (7th Cir.1991) (appellate court reviews arguments; it does not construct them).
 
 
 6
 Having reviewed Jones' complaints and arguments on appeal, we conclude that the district court properly resolved the jurisdiction question sua sponte. See Yasuda Fire & Marine Ins. v. Continental Gas Co., 37 F.3d 345, 347 (7th Cir.1994) (district court has duty to resolve jurisdictional questions even when parties do not raise them).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This court concluded that there were no appellees in either of these appeals and that the appeals would be submitted on the briefs of the appellant without the filing of a brief by any appellees. Accordingly, the appeal is submitted on the appellant's briefs and the records. This court also ordered the removal the United States Supreme Court as a party on appeal number 96-3262
 
 
 [1]
 Jones does not claim diversity jurisdiction, although he does state the citizenship of some of the defendants in his pleadings, many of whom are residents of Missouri, as is he. This alone is not enough for him to allege that his claims are within diversity jurisdiction. See Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir.1994)