NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 24, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3501

| | |
|---|---|
| ANTONIO I. BRYANT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 06 C 114 |
| GENERAL PACKAGING PRODUCTS, | |
| INC., and GRAPHIC COMMUNICATIONS | Elaine E. Bucklo, |
| INTERNATIONAL UNION, LOCAL | *Judge.* |
| NO. 458-3M, | |
| *Defendants-Appellees.* | |

**O R D E R**

Antonio Bryant sued his employer, General Packaging Products, and his labor union, Graphic Communications International Union, Local No. 458-3M, claiming employment discrimination. The district court recruited counsel to represent him. *See* 28 U.S.C. 1915(e)(1). In November 2006, Bryant voluntarily dismissed his action against the union

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

with prejudice. He then settled with General Packaging for $20,000, and on February 28, 2007, counsel for Bryant and General Packaging filed a stipulation dismissing the employer with prejudice under Fed. R. Civ. P. 41(a)(1)(ii). Bryant received his $20,000, but six months later he began a quest to undo the settlement, despite making known to the district court that he had no intention of returning the money. He filed a number of pro se submissions in the district court, including a motion to vacate the settlement and to reinstate his complaint against both defendants. The district court entered an order denying this motion, and Bryant filed a notice of appeal designating for review this decision as well as the minute entries entered on the docket in November 2006 and January 2007 when Bryant dismissed the union and later settled with General Packaging. In response the union has moved to dismiss Bryant's appeal for lack of jurisdiction on the ground that his notice of appeal is untimely, and both defendants contend that Bryant's brief lacks an argument. General Packaging has also moved for sanctions.

We turn first to the union's motion to dismiss for lack of jurisdiction. *Zedan v. Habash*, 529 F.3d 398, 401 (7th Cir. 2008). Bryant did not file his notice of appeal until October 15, 2007, more than 180 days after the district court had dismissed his claims against the union and General Packaging. Consequently, we lack jurisdiction to review the district court's judgment dismissing the defendants. *See* Fed. R. App. P. 4(a)(1), (a)(7)(A)(ii).

In contrast to the dismissal of the defendants, Bryant's appeal of the order denying his motion to vacate the settlement is timely. Our review of that order need not detain us long, however, for Bryant has offered no argument as to why it is wrong. Although we construe pro se filings liberally, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), even a pro se litigant must follow Fed. R. App. P. 28(a)(9), which requires that an appellant's brief contain the party's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9); *see Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 478 (7th Cir. 2004); *Anderson v. Litscher*, 281 F.3d 672, 676 (7th Cir. 2002); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A "generalized assertion of error" is not sufficient, *Anderson*, 241 F.3d at 545, and failure to comply with the rule will result in dismissal, *id.* at 545-46. Bryant's brief consists of a description of the procedural history of his lawsuit, quotations from a number of opinions that are not relevant to this appeal, and a request for damages on his initial complaint. He makes no articulable argument why the district court's ruling on his post-settlement motion should be disturbed. Bryant's noncompliance with Rule 28(a)(9) therefore warrants dismissal.

The absence of argument in Bryant's brief also persuades us to grant General Packaging's motion for appellate sanctions. Federal Rule of Appellate Procedure 38 allows a court of appeals to "award just damages and single or double costs to the appellee" if it

determines that an appeal is frivolous.  Fed. R. App. P. 38.  An appeal that makes no argument is frivolous per se.  *Brooks v. Allison Div. of Gen. Motors Corp.*,  874 F.2d 489, 490 (7th Cir. 1989).  We note that in *Brooks* we denied a meritorious motion for sanctions because the appellee had filed a full and needlessly prolix brief on the merits, thereby failing to mitigate its damages.  *Id.* at 490.  Unlike the appellee in *Brooks*, however, General Packaging has asserted the frivolousness of this appeal throughout the proceedings, in its motion for sanctions, and its brief on the merits.  We therefore award General Packaging sanctions in the amount of reasonable attorneys' fees.  General Packaging is cautioned, however, that because the appeal was frivolous, reasonable attorneys' fees are expected to be minimal.  *See Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005).  General Packaging has 14 days to file a statement of the attorneys' fees reasonably incurred in handling Bryant's appeal.

Accordingly, the appeal is DISMISSED, and General Packaging's motion for sanctions is GRANTED.