**UNITED STATES of America, ex rel. Todd VERDONE, Pro Per, Plaintiff–Appellant,**

v.

**CIRCUIT COURT FOR TAYLOR COUNTY, et al., Defendants–Appellees.**

**In the Matter of Todd VERDONE, Petitioner.**

**Nos. 93–2913, 95–1133 and 95–8009 to 95–8011.**

United States Court of Appeals, Seventh Circuit.

Submitted March 1, 1995.

Decided April 5, 1995.

Published Dec. 27, 1995.\*

---

\* This decision was released on April 5, 1995 as an     unpublished order pursuant to Circuit R. 53(b).

Todd Verdone, submitted on briefs, Medford, WI, for Todd Verdone.

James H. McDermott, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Circuit Court for

The court has decided to reissue the decision as a    published opinion.

Taylor County, Gary L. Carlson, Ronald Keberle.

Jeffrey J. Strande, Terwilliger, Wakeen, Piehler & Conway, Wausau, WI, for William Grunewald, Yvonne Bauer, Rose Thums, Toni Mattias, Margaret Gebauer, Taylor County Sheriff Department, William K. Breneman, Norman Dassow, Nicholas R. Synol, Michael Johnson, David Kahn, Michael Soto, James Gorichs.

Raymond G. Clausen, Stilp, Cotton & Wells, Madison, WI, for Medford City Police Department, Jack Kay, Dan Olsen, Ted Bever, Gary Krueger.

Mary Batt, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Wisconsin Department of Transportation, Roger D. Cross, Wisconsin State Patrol, Marsha Whiley, Roger Herrell.

Peggy A. Lautenschlager, Office of the United States Attorney, Madison, WI, for Barbara B. Crabb, John C. Shabaz.

Robert A. Selk, Mary Batt, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, Peggy A. Lautenschlager, Office of the United States Attorney, Madison, WI, Jeffrey J. Strande, Terwilliger, Wakeen, Piehler & Conway, Wausau, WI, Shawn M. Mutter, Taylor County District Attorney's Office, Medford, WI, for Terrence T. Evans.

Before POSNER, Chief Judge,
CUMMINGS and BAUER, Circuit Judges.

PER CURIAM.

Todd Verdone insists that he has an absolute constitutional right to travel and therefore is not subject to the Wisconsin traffic code, and on that basis he challenges various traffic-related rulings including a citation and $10 fine for driving without wearing a seat belt; a citation and $69 fine for driving an unregistered vehicle (later held in contempt, arrested, and license suspended for failure to pay fine); and four citations for operating a motor vehicle while license suspended or revoked (resulting in several arrests for failure to pay related fines). Were we faced with a single, straightforward, direct appeal from the Wisconsin Supreme Court's denial of relief, we would dismiss on the basis of the Rooker–Feldman doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Instead, Verdone has seriously abused his right of access to courts by filing an inordinate number of frivolous and vexatious actions in the district courts of Wisconsin and in this court, despite repeated warnings and the imposition of sanctions. He has also filed actions unrelated to his traffic problems, in which sanctions have also proved to be ineffectual.

Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders. The Supreme Court has noted:

> Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 [109 S.Ct. 993, 996, 103 L.Ed.2d 158] (1989).

We are guided by our duty to "protect and preserve the sound and orderly administration of justice." *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir.1984). *See also In re Anderson*, —— U.S. ——, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994) (per curiam); *Sassower v. Mead Data Central, Inc.*, —— U.S. ——, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993) (per curiam); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995); *Sassower v. American Bar Association*, 33 F.3d 733 (7th Cir.1994) (per curiam); *In re United Markets Int'l, Inc.*, 24 F.3d 650 (5th Cir.1994) (per curiam); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir.1993); *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir.1990) (per curiam).

In district court case No. 93–C–421, the district court entered an order on February 7, 1994 stating:

> In the thirteen months from November, 1992 to December 1993, plaintiff has filed nine cases, sometimes naming a dozen or

more defendants. Five of the cases are now closed, having been found completely devoid of merit. This action, in which plaintiff sued twenty-seven named and five hundred unnamed defendants on the ground that he is not subject to the Wisconsin traffic code, has also been dismissed except for one unrelated claim against one defendant. . . .

Despite repeated warnings that he is subject to sanctions for his groundless filings, plaintiff has continued his practice of initiating frivolous lawsuits and then bombarding the court and fellow litigants with a volley of nonsensical and vituperative "demands" and other documents throughout the pendency of the lawsuits. At the same time, plaintiff fails to comply with the briefing schedules set by the court or to reply to dispositive motions filed by defendants. In addition, plaintiff ignores explanations of the defects of his claims, choosing instead to repeat the same defects in subsequent complaints.

The district court went on to prohibit Verdone from filing any lawsuit against Taylor County or its employees or related judicial entities until he has paid in full the judgment for attorney's fees and costs. In addition, any complaint filed by Verdone must be reviewed by the court before it can be filed for a determination as to whether it is duplicative of matters already litigated or currently pending, or legally frivolous. The court added: "If plaintiff fails to comply with this order, he may be found in contempt of court and punished accordingly."

We have experienced similar problems with the 12 cases Verdone has filed in this court. The number may seem low compared to the deluge filed by some litigants, but Verdone has a distressing practice of repeatedly abandoning his suits after draining enormous amounts of time and expense from the limited resources of both the courts and the named defendants. For example, in the 12 actions filed in this court, we dismissed one because Verdone failed to respond to our notice that he was required to file a jurisdictional statement (No. 93–4047). We dismissed two appeals as premature (Nos. 94–1118 and 93–4057). We dismissed a writ of error as untimely (No. 94–3783). And we dismissed another appeal for failure to pay a docketing fee (No. 94–2249). Five other appeals are disposed of in this opinion for similar reasons, as described below.

In No. 93–2313, we sanctioned Verdone by ordering him to pay $613.80 in attorney's fees in *Verdone v. Taylor County*, No. 93–2313, 12 F.3d 1101 (7th Cir. Dec. 6, 1993) (unpublished), where we stated: "It is clear from the record this appeal was filed for no reason other than to harass the defendants by a litigant who is too obstinate to accept the fact that his claims are frivolous." Apparently Verdone has never bothered to pay that sanction. Verdone has also refused to pay the $2,043.98 sanction imposed by the district court on February 7, 1994, in case No. 93–C–421.

Similarly, the district court ordered Verdone not to file anything against Taylor County or its employees until the monetary sanctions were paid. Verdone ignored the order and attempted to file a new civil rights case. He also ignored the portion of the district court's order imposing a precertification rule, requiring Verdone to present all filings—whether against Taylor County or not—to Chief Judge Barbara Crabb. Verdone tried to side-step this court order by naming Judge Crabb as a defendant in a new suit he filed in this district court, requiring a transfer to another district and Judge Evans' subsequent review of the entire case and his order enforcing Judge Crabb's pre-filing requirements.

We are faced with a pattern of grossly negligent conduct of litigation. Verdone has shown in every case an exceptionally irresponsible manner in which he conducts the litigation. He overtly ignores briefing schedules, other deadlines, and pre-filing requirements. Instead of complying with court orders or rules, he simply files new suits in the district court, and new appeals or original actions in this court. He repeatedly abandons motions, appeals, and other filings he has presented to the court. He has also started sending correspondence directly to chambers, further increasing the imposition on judicial resources.

The large majority of the actions involve Verdone's traffic problems, yet he has failed to raise even a hint of viability in his claim that his repeated violations of traffic laws threatens any constitutional right, including the right to travel. Despite Judge Crabb's careful and thorough explanations about the defects in these actions, Verdone insists on duplicating the same defects over and over.

Before we explain our proposed sanctions order, we first dispose of the appeals and petitions for extraordinary writs that are presently pending before this court, which further support the necessity of a sanctions order.

### Pending Seventh Circuit Cases

#### No. 93–2913

In No. 93–2913, Verdone filed a civil rights action against defendants pursuant to 42 U.S.C. § 1983, alleging various constitutional violations resulting from a series of traffic court citations and convictions. On July 20, 1993, the district court denied plaintiff's request for a preliminary injunction, and on July 29, 1993, the district court denied plaintiff's motion to amend the complaint and add additional defendants. On August 5, 1993, plaintiff appealed from those orders.

■ Plaintiff's opening brief is devoid of anything other than an appendix. Even pro se litigants, particularly one so familiar with the legal system, must expect to file a legal argument and some supporting authority. *See Smith v. Town of Eaton*, 910 F.2d 1469, 1471 (7th Cir.1990); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990); *Brooks v. Allison Div. of General Motors Corp.*, 874 F.2d 489, 490 (7th Cir. 1989); *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir.1984); Fed.R.App.P. 28(a)(5). The appeal in No. 93–2913 is dismissed.

#### No. 95–1133

In No. 95–1133, Verdone filed an appeal on January 12, 1995. The notice of appeal does not refer to any order, although the crux of the action is clearly an attack on the February 7, 1994 sanctions order entered by Judge Crabb. The notice of appeal refers to a December 1, 1994 "writ of error" and a December 27, 1994 "writ of certiorari," both naming Judge Crabb as respondent, and attaches a notice of a "writ of certiorari" in reference to a case "filed on November 1st 1994 in which you contend that I am [FOREVER] barred of filing a suit in the United States District Court until the administrative sanctions are paid in re to case # 93C 0421C and in contempt of well established law."

The record in No. 95–1133 contains an October 18, 1994 motion filed by Verdone, requesting that Judge Crabb vacate all of her "personal opinions and orders in reference to this case" and in "reference to plaintiff's common law right of travel which is absolute as a matter of law." On October 25, 1994, Judge Crabb entered an order construing the October 18, 1994 motion as a motion to vacate her May 3, 1994 order entering judgment in case No. 93–C–42 (following an order granting plaintiff's motion to voluntarily dismiss the only remaining defendant, Officer Herrell, with prejudice). The court found it had no jurisdiction since plaintiff had already filed an appeal from the May 3, 1994 order.

■ We do not know what order Verdone is appealing in No. 95–1133.[1] Predictably, Verdone has ignored our January 27, 1995 Rule to Show Cause demanding a jurisdictional statement pursuant to Circuit Rule 3(c), and our January 31, 1995 order demanding a memorandum stating why the appeal should not be dismissed for lack of jurisdiction since the "last order in this case (denying appellant's motion to vacate judgment) was entered on October 24, 1994, and the notice of appeal was filed on January 12, 1995, over one month late." However, Verdone cannot avoid time limitations in direct appeals by styling his actions as extraordinary writs, such as the notices of "writ of

---

1. On January 30, 1995, Judge Crabb entered an order in response to plaintiff's January 10, 1995 notice seeking "some kind of order" from the Court of Appeals. Judge Crabb construed it as a notice of appeal from the October 25, 1994 order denying plaintiff's motion to vacate, and a re-

cessed for leave to appeal *in forma pauperis*. The court denied the request as untimely filed, since 30 days from the date of the order expired on November 24, 1994, and because the notice was accompanied by neither a filing fee nor an affidavit of indigency.

certiorari" or "writ of error" filed in this appeal. If Verdone is appealing from the February 7, 1994 sanctions order, his January 12, 1995 appeal is nearly one year late.

If he is appealing from the May 3, 1994 order entering judgment, his January 12, 1995 appeal is duplicative, having already been filed in appeal No. 94–2249. (Appeal No. 94–2259, filed on May 24, 1994, was dismissed on January 30, 1995 for failure to pay a docketing fee.)

If Verdone is appealing from the October 18, 1994 order denying the motion to vacate the May 3, 1994 order, the January 12, 1995 notice of appeal is untimely.

The appeal is No. 95–1133 is dismissed for lack of jurisdiction, for failure to file a jurisdictional statement, and as being duplicative of another appeal.

### Nos. 95–8009, 95–8010, 95–8011

■ The three mandamus petitions against Judge Crabb, Judge Shabaz and Judge Evans were filed as original actions in this court. They all challenge the enforcement of Judge Crabb's February 7, 1994 sanctions and pre-certification order.

■ The three mandamus petitions indicate that Verdone was in prison (for unknown reasons) and that he wished to file a civil rights action against Taylor County, the City of Medford, and other defendants, and that the February 7, 1994 order requiring payment of sanctions prior to his filing any new suits violated his constitutional right of access to the courts.[2] That right, however, is not absolute. *See In re McDonald*, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); *Bounds v. Smith*, 430 U.S. 817, 824, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977).

We find that because the February 7, 1994 order is reasonable, Verdone is not clearly and indisputably entitled to mandamus relief from enforcement of that order. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam); *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). Nor has Verdone shown that alternative methods for review of Judge Crabb's order are unavailable. *Allied Chemical*, 449 U.S. at 35, 101 S.Ct. at 190. In fact, it is ironic that Verdone's direct appeal from the district court's sanction order, No. 95–1133, is disposed of in this opinion for the precise reason the sanctions were imposed—blatantly ignoring of court rules and negligence in conducting the litigation. The mandamus petitions are denied. (We also note that in No. 95–8010, Verdone indicates that No. 93 C 421 is now before the United States Supreme Court.)

### Proposed Order

■ Verdone shows no sign that he will discontinue the pattern of behavior described here. A more stringent sanction is necessary.[3] *See Mack*, 45 F.3d at 186; *United Markets*, 24 F.3d at 656; *Gelabert*, 894 F.2d at 748; *Becker v. Adams Drug Co.*, 819 F.2d 32, 33 (2d Cir.1987). For the reasons stated above, we propose to enter the following order:

Todd Verdone, individually, with others, or through a representative, is prohibited from filing any papers in any federal court in the Seventh Circuit, excluding criminal and habeas corpus proceedings, until the following requirements are met:

Verdone must file a "Motion Pursuant to Court Order Seeking Leave to File" and attach:

(a) a copy of the proposed paper to be filed;

(b) a copy of this order;

(c) proof of payment of the $2,043.98 sanction imposed by the district court on February 7, 1994 in case No. 93–C–421, and proof of payment of the $600 sanction imposed by this court in No. 93–2313, in the form of a copy of a certified

---

**2.** Verdone asks us to command the district court to permit him to file the civil rights action from prison. Chief Judge Posner is asked to appoint a "respectable judge," other than Judges Crabb or Shabaz, or to allow Verdone to proceed with the civil rights suit in the Seventh Circuit Court of Appeals.

**3.** We also note that any attempt to show indigency at this point, after the opportunity was repeatedly given to Verdone in the district court, would be received with much suspicion.

check or money order, a signed receipt for the check or money order by the proper recipient, and a sworn affidavit by Todd Verdone that full payment has been made;

(d) and a sworn affidavit by Todd Verdone certifying that the matters raised in the proposed filing are not frivolous and have not been raised by him in prior suits.

Verdone is authorized to submit to this court, no earlier than two years from the date of this order, a motion to modify or rescind the order.

If Verdone disregards the order we enter today, the receiving court may consider contempt charges.

Pursuant to the notice and opportunity requirement set forth in Fed.R.App.P. 38 and Cir.R. 38, Todd Verdone has fourteen (14) days from the filing date of this order to file with this court his written reasons opposing the above proposed order. Failure to respond shall result in automatic imposition of the proposed sanction. The appellees and respondents in the five appeals disposed of in this opinion may file their respective positions within the same time period.

In the event Verdone complies with this prerequisite by filing proof of payment of those sanctions, he will still be required to show why further sanctions should not be imposed for any new attempts to raise the claims raised in all suits that have been disposed of by the district court and by this court.

Moreover, while the district court's sanction orders are not before us on the merits (all appeals having been dismissed for various reasons listed above), the order does remain in place, although its significance is limited since our no-filings-until-payment order covers any case at all, new or old. (The district court limited the payment of sanctions requirement to cases involving Taylor County and its employees.)

**Conclusion**

The appeal in No. 93–2913 is DISMISSED.

The appeal in No. 95–1133 is DISMISSED.

The petitions for writs of mandamus in Nos. 95–8009, 95–8010, and 95–8011 are DISMISSED.

Further, it is ORDERED that Verdone shall have fourteen (14) days from the date of this entry to respond to the proposed sanctions order.