116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sylvester JONES, Plaintiff-Appellant,
v.
SHARP ELECTRONICS CORPORATION, et al., Defendants-Appellees.
 No. 96-3557.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1997.*
Decided June 5, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied July 1, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 96-CV-776; William D. Stiehl, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pro se litigant, Sylvester Jones, appeals the dismissal of his complaint in which he names hundreds of defendants. Jones asserts that he discovered conduct by the Sharp Electronics Company, and others, concerning copier drums and toner cartridges which he believes constitutes criminal racketeering, obstruction of justice, and criminal fraud against consumers. Jones claims that he requested the FBI and United States Attorney for the Eastern District of Missouri to take action against Sharp to stop the alleged multi-billion dollar scheme perpetrated against the citizens of the United States. Because these federal officers allegedly failed to take action, Jones has added them and others to his conspiracy theory. Jones requests $50.8 million dollars, tax free, as compensatory damages in addition to punitive damages. Jones also requests injunctive relief against various judicial officers because he has been denied relief.[1] The district court, sua sponte, dismissed this action with prejudice for lack of subject matter jurisdiction. Because we conclude that Jones has failed to establish that the federal courts have jurisdiction over any of the defendants or alleged actions, we affirm.
 
 
 2
 Jones' complaint is comprised of unintelligible legal and factual assertions against many defendants. His appellate brief is resplendent with nonapplicable string cites to authority, fragmented arguments, and indecipherable allegations. In addition, Jones does not state a reason for reversal of the district court's dismissal.
 
 
 3
 An appellant's brief must "contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to authorities, statutes, and parts of the record relied on." Fed. R.App. P. 28(a)(6). We have previously warned pro se litigants, especially ones so familiar with the legal system, that this court will dismiss an appeal that does not contain an identifiable argument or that fails to specify any error in the district court's decision. United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 673 (7th Cir.1995); Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir.1989). Jones has failed to make a complete and comprehensible argument for his claims or specify error made by the district court and, therefore, does not satisfy Federal Rule of Appellate Procedure 28.
 
 
 4
 Even if his appellate brief were comprehensible, we would nonetheless affirm the district court because the court lacked jurisdiction over Jones' claims. Federal courts are courts of limited jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). A plaintiff may bring an action in federal court only if the action is authorized by Article III of the Constitution or if a statute promulgated by Congress authorizes the federal courts to hear that type of case, i.e., only if the federal court has subject matter jurisdiction. Id.[2] In addition, even if the alleged claims are within a federal court's jurisdiction, if a case is patently without merit, the court's dismissal for lack of jurisdiction is justified. LaSalle Nat'l Trust v. ECM Motor Co., 76 F.3d 140, 143 (7th Cir.1996).
 
 
 5
 Jones generally states that the defendants are guilty of various criminal acts, including concealment of records, fraud, conspiracy, and racketeering. Jones cites to numerous federal statutes and Constitutional provisions, including criminal conspiracy statutes and the First through Fourteenth Amendments. He also challenges the constitutionality of certain statutes and doctrines. However, Jones does not frame his arguments in a discernable fashion with supporting authority, but accuses government officials and private companies of a conspiracy involving Sharp photocopier drums and toner cartridges. Jones' claims are devoid of merit and we will not construct worthwhile arguments for him. See Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 
 6
 Having reviewed Jones' complaint and appellate arguments, we conclude that he has failed in his burden of proving subject matter jurisdiction. See Turner/Ozanne V. Hyman/Power, Nos. 96-2003, 96-2059, slip. op. at 4 (7th Cir. Apr. 17, 1997). The district court properly dismissed this case sua sponte for lack of subject matter jurisdiction. See Wellness Community Nat'l v. Wellness House, 70 F.3d 46, 51 (7th Cir.1995) (court required to determine jurisdictional faults at any time). Therefore, the district court judgment is AFFIRMED.
 
 
 
 *
 This court concluded that there were no appellees to be served in this appeal and that the appeal would be submitted on the brief of the appellant without the filing of a brief by any appellees. We have also concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 We note that this is Jones' third similar case in this court in the last two months. See Sylvester Jones v. United States Supreme Court, No. 96-3262 (7th Cir. May 7, 1997) and Sylvester Jones v. Viacon Broadcasting of Missouri, No. 96-3289 (7th Cir. May 7, 1997). We also note that the United States District Court for the Eastern District of Missouri, en banc, found that Jones abused the judicial process and as such lost his right to file complaints in forma pauperis under most circumstances. In addition, this court has sanctioned other pro se litigants that have brought frivolous and repeated lawsuits. United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 671 (7th Cir.1995) ("[f]rivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.")
 
 
 [2]
 Jurisdiction may also be conferred via diversity of citizenship. 28 U.S.C. § 1332. Jones does not claim diversity jurisdiction, although he does state the citizenship of some of the defendants in his pleadings. This alone does not establish diversity jurisdiction. See Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir.1994)