129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hercules WATSON, Plaintiff-Appellant,
v.
PACE WEST DIVISION, Subdivision of the Regional
Transportation Authority, Defendant-Appellee.
 No. 97-2319.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997.*
Decided November 21, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 22, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, 96 C 7719; Nordberg, Judge.
 Before Hon. Richard A. Posner, Chief Judge, Hon. William J. Bauer, Circuit Judge, Hon. Terence T. Evans, Circuit Judge.
 
 ORDER
 
 1
 Hercules Watson, an African-American male, filed a two-count complaint against his former employer, the Pace Suburban Bus Division of the Regional Transportation Authority (Pace). Watson claims that Pace terminated him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and that Pace violated the statute of frauds in charging him with disregarding company procedures. The district court granted Pace summary judgment on the discrimination claim because Watson failed to raise a genuine issue of material fact. The district court also dismissed Watson's statute of frauds argument with prejudice for failure to state a claim. Watson appeals the grant of summary judgment and the dismissal of his statute of frauds claim, and we affirm.
 
 
 2
 Watson worked as a bus driver for Pace for over two years, during which time he regularly behaved discourteously and argumentatively toward passengers. For instance, on July 27, 1995, while stopped at a red light, an elderly passenger stepped into the stairwell at the front of the bus and indicated that he wished to exit the bus. Watson informed the passenger that it was a violation of federal law for a passenger to be in the stairwell and therefore the passenger needed move back behind the white line. Watson refused to allow the passenger to leave the bus, and the passenger refused to leave the stairwell and move behind the white line. Watson refused to proceed along the route until the passenger moved out of the stairwell. The situation escalated until the police were summoned and arrived several minutes later. Additionally, Brenda Dillard, a Pace supervisor, and Richard Pullia, a Division Manager, responded to the call. The police arrived and directed Watson to open the door and allow the passenger to leave, but took no other action. After questioning Watson, Dillard and Pullia determined that Watson should not finish the route and needed to report for a meeting with Pullia the next day.
 
 
 3
 Watson's subsequent discussions with management were also argumentative. During Watson's first meeting with Pullia, Watson continued to maintain that he was right and refused to accept any responsibility for the incident. During Watson's second meeting with Pullia, Watson continued to interrupt Pullia as Pullia read a proposed resolution of events aloud. Watson eventually refused to sign the agreement. After Watson refused to sign the agreement, Pullia terminated Watson and handed him a discharge letter detailing a number of different rule violations, as well as the July 27th incident.
 
 
 4
 Watson's union filed a grievance challenging Pace's termination of Watson. A hearing was held on February 21, 1996 before an arbitrator who found that Pace's decision to terminate Watson was fully justified.
 
 
 5
 Watson then filed the present action in district court. Watson alleged that Pace terminated him because of his race and points to other non-African-American employees who were not fired as evidence of his discriminatory termination. Watson also alleged that Pace is guilty of "fraudulently labeling him for failing to follow known company procedures" in violation of the Illinois statute of frauds. However, Watson presents no legal argument, either before this court or the district court, to support his statute of frauds claim. The district court, finding that Watson presented no genuine issue of material fact granted Pace summary judgment as to the discrimination claim, and dismissed Watson's statute of frauds claim with prejudice because the Illinois statute of frauds contained no cause of action.
 
 
 6
 We review de novo the district court's granting of summary judgement and failure to state a claim, viewing all evidence and reasonable inferences in the light most favorable to the plaintiff. See Plair v. E.J. Brach & Sons, Inc., 105 F.3d 343, 346 (7th Cir.1997) (summary judgement); Grzan v. Charter Hospital of Northwest Indiana, 104 F.3d 116, 119 (7th Cir.1997) (failure to state a claim). Additionally, because Watson is proceeding pro se we construe his complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). In order to establish a prima facie case of racial discrimination under Title VII of the Civil Rights Act of 1964 using the indirect, burden-shifting method, Watson must show that (1) he is a member of a protected group, (2) he was performing up to his employer's legitimate standards, (3) that he was discharged, and (4) that other similarly-situated employees outside his race were treated more favorably. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Cowan v. Glenbrook Security Services, Inc., 123 F.3d 438, 445 (7th Cir.1997).
 
 
 7
 Watson is African-American and therefore a member of a protected group. Additionally, Watson was discharged. Therefore, Watson meets the first and third prongs of the McDonnell Douglas test.
 
 
 8
 However, Watson fails to establish the fourth prong of the test--that he was treated less favorably than other similarly situated non-African-American employees. "The qualification 'similarly situated' is important. Otherwise all [Watson] would have to do to survive summary judgment would be to point to one [non-African-American] employee whom [Pace] had not fired." Wallace v. SMC Pneumatics, Inc., 103 F.3d 1394, 1398 (7th Cir.1997). Watson fails to present any evidence of similarly situated employees. Watson does list seven non-African-American employees who where not fired after allegedly violating company policy. However, none of the seven employees were similarly situated. None of the employees were allowed to continue employment after repeated behavioral problems, escalating a relatively minor situation into one which required police intervention, failing to accept any responsibility for incidents, and refusing to sign a supervisors proposed resolution. It is clear that we cannot compare Watson's dismissal with the list of seven employees he gives us on appeal, because none of them are similarly situated. See Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 104 F.3d 1004, 1010 (7th Cir.1997).
 
 
 9
 We add that Watson also does not establish a prima facie case under the third prong of the test--that he was performing up to his employer's legitimate standards. As we have emphasized recently in Coco v. Elmwood Care, Inc., No. 97-1697, 1997 WL 695406, at * 2 (7th Cir. Nov. 10, 1997), Watson "is out of luck if he can't show that he was meeting his employer's legitimate expectations." As the arbitrator noted, customer relations is a significant portion of Watson's responsibilities and that without proper behavior towards customers, Pace is unable to provide safe and efficient public transportation. Pace's legitimate expectations included proper behavior and courtesy towards passengers, which Watson was clearly failing to provide. As such, Watson was not performing up to his employer's legitimate standards. Since Watson does not establish a prima facie case of racial discrimination, it is unnecessary to apply the remainder of the burden-shifting analysis of McDonnell Douglas.
 
 
 10
 Finally, Watson contends that his statute of frauds claim should be reinstated, but offers no legal analysis as to why it should be reinstated. "Even pro se litigants ... must expect to file a legal argument and some supporting authority." United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 673 (7th Cir.1995) (per curiam). As we have said elsewhere: "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ... forfeits the point. We will not do research his for him." Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 
 11
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)