142 F.3d 439
 81 A.F.T.R.2d 98-1197, 98-1 USTC P 50,485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ira R. BANKS, Plaintiff-Appellant,
v.
Thomas M. BARRETT, et al., Defendants-Appellees.
 No. 97-4005.
 No. 96-C-1248.
 United States Court of Appeals,
Seventh Circuit.
 .
March 18, 1998.
Submitted March 12, 1998*
 
 Appeal from the United States District Court for the Eastern District of Wisconsin.
 Before Hon. Frank H. Easterbrook, Hon. Ilana Diamond Rovner, Hon. Diane P. Wood, Circuit Judges.
 CLEVERT, J.
 
 Order
 
 1
 Ira Banks filed a blunderbuss complaint asking the district court to reopen a 1987 judgment and direct former employers to pay him additional sums as profit-sharing, order the Internal Revenue Service to audit several businesses that Banks believes owe him money, direct Arthur Anderson Jewelers to pay damages for racial discrimination, ensure the restoration of diamonds to Banks and his African ancestors, order the return of property, direct a Member of Congress to comply with plaintiff's view of Members' responsibilities to their constituents, and afford additional relief against other defendants.
 
 
 2
 The district court was overwhelmed by the audacity of the request and underwhelmed by the legal support Banks offered. The judge dismissed the case in a short order, which we interpret as a conclusion that the suit is so weak that it does not come within federal jurisdiction under the doctrine of Hagans v. Lavine, 415 U.S. 528, 536-43, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Some claims against some defendants are barred for want of standing (for example, the demand that the IRS audit particular companies); others rest on state law but are not supported by diversity of citizenship; others have problems of their own. Rather than parsing each claim to find the flaws, the court dismissed the entire complaint. On appeal, Banks reiterates the assertions that fell flat in the district court. Here as in Verdone v. Circuit Court, 73 F.3d 669, 673 (7th Cir.1995), and Luddington v. Indiana Bell Telephone Co., 966 F.2d 225, 230 (7th Cir.1992), the lack of any "minimally complete and comprehensible argument" in support of the appeal leads to affirmance.
 
 
 3
 None of the defendants has sought sanctions. But this case has been a waste of everyone's time and the defendants' money. Any future litigation of this sort will lead to an order restricting Banks' access to the federal courts. See Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995).
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)