**Larry C. DAVIS, Plaintiff–Appellant,**

v.

**CHICAGO BOARD OF EDUCATION, Defendant–Appellee.**

No. 00–1602.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001.*

Decided April 13, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Before Hon. JOHN L. COFFEY, Hon. KENNETH F. RIPPLE, and Hon. TERRENCE T. EVANS, Circuit Judges.

### ORDER

Larry Davis worked as a substitute teacher in the Chicago school system from 1984 to 1996. After learning that Mr. Davis had falsely represented on his employment application that he had never been convicted of a crime, the Chicago Board of Education terminated him. Mr. Davis then filed this lawsuit alleging that the Board's actions violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, because his disabilities–"mental and emotional difficulties ... [such as] schizophrenia, bipolar depression disorder and inadequate personality"–caused him to answer the application question incorrectly. He further insisted that the Board did not terminate nondisabled employees who falsely answered they had not been convicted of a crime. The district court dismissed Mr. Davis' case for failure to prosecute almost two years after the original complaint was filed. The district judge had given Mr. Davis numerous extensions of time to obtain an attorney and to comply with discovery, but Mr. Davis failed to make any progress in his case.

Mr. Davis appeals the dismissal, but he makes no discernable argument in his brief. He does not cite any legal authority to undermine the district court's decision or even address the dismissal for failure to prosecute. We recognize the difficulties in proceeding pro se, but Mr. Davis' brief must contain at least some legal argument and supporting authority. *See* Fed. R.App. P. 28(a)(9); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam); *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 673 (7th Cir.1995) (per curiam). We construe pro se pleadings liberally, *see Whitford v. Boglino*, 63 F.3d 527, 535 n. 10 (7th Cir.1995) (per curiam), but we cannot cure the substantial deficiencies in Mr. Davis' brief by creating legal arguments for him, *see Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990). Although we are reluctant to dismiss the case of a pro se litigant on procedural grounds, we may not review this appeal because Mr. Davis has failed to comply with basic re-

ment is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed.

R.App. P. 34(a)(2).

quirements designed to promote our interest in the uniform administration of justice. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

We do not feel that Mr. Davis' brief was of any help to his client or this court in ruling on the case. Furthermore, on review of the record, we are satisfied that the district court did not abuse its discretion in dismissing Mr. Davis' case for failure to prosecute. We dismiss this appeal.

Accordingly, we dismiss this appeal.

DISMISSED