Michael A. KOHILAS, Plaintiff–
Appellant,

v.

CITY OF CHICAGO, et al.,
Defendants–Appellees.

No. 00–2192.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2001.*

Decided June 19, 2001.

Before MANION, ROVNER, and EVANS, Circuit Judges.

ORDER

In December 1991, Michael Kohilas, who had his dog with him while working as a painter in a Chicago Transit Authority ["CTA"] subway station, was arrested. According to the criminal complaint charging Kohilas with disorderly conduct, he was arrested because he "knowingly and intentionally allowed his dog to run astray in the CTA subway and refused to remove the dog when directed to do so by persons he knew to be police." Kohilas thereafter brought this lawsuit against the City of Chicago and the two Chicago police officers who had arrested him, alleging false arrest and excessive force under 42 U.S.C. § 1983 and assault and battery pursuant to Illinois tort law. District Judge James Holderman granted the defendants' partial motion for summary judgment on Kohilas's false arrest claim. Trial on the remaining claims was reset multiple times before two other district court judges and one magistrate judge until finally—seven years after Kohilas's complaint was originally filed—a jury trial commenced on June 21, 1999 before District Judge Joan Gottschall. On the second day of trial, however, Judge Gottschall declared a mistrial "due to the conduct of the plaintiff"

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

during his testimony. The defendants subsequently moved to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b), which Judge Gottschall granted, concluding that during the lengthy course of the litigation Kohilas committed misconduct that "has been egregious and consistent." Kohilas now appeals, and we affirm.

■ On appeal, Kohilas states a multitude of contentions, including that the district court erred in granting partial summary judgment to the defendants and in dismissing the case pursuant to Rule 41(b). But Kohilas does not support his allegations of error with any relevant legal argument or authority. Kohilas instead uses his appellate brief to state his version of the facts surrounding the arrest and his frustration with his attorneys, discovery proceedings, and the case history. Moreover, the statutes Kohilas cites in his opening brief and the few cases he cites in his reply brief are not relevant to the issues addressed by the parties in the district court. Although we are aware of the unique circumstances facing pro se litigants and therefore construe their appellate briefs liberally, "a brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (citing Fed. R.App. P. 28(a)(9)(A); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam); *United States ex rel. Verdone v. Circuit Court*, 73 F.3d 669, 673 (7th Cir.1995) (per curiam)). Because Kohilas has not put forward any cogent legal argument regarding the grant of partial summary judgment or the ultimate dismissal of his case in the district court, we believe he has waived any challenge to those decisions.

Accordingly, we DISMISS the appeal. We also DENY Kohilas's "Motion to Take Judicial Notice."