**Tomas D. CUESTA, Plaintiff–Appellant,**

**v.**

**Steve WATES, et al., Defendants–Appellees.**

**No. 01–2452.**

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2002 *.

Decided April 29, 2002.

---

* Defendants, who have not been served with process, have not participated in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted for decision. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before POSNER, EASTERBROOK, and RIPPLE, Circuit Judges.

### Order

Acting under 28 U.S.C. §§ 1915(e)(2), 1915A, the district court dismissed this suit before ordering the defendants to be served with process. The judge concluded that Cuesta, who now is a state prisoner, failed to exhaust administrative remedies, as 42 U.S.C. § 1997e(a) requires, before filing suit. That decision presented Cuesta with a number of potential appellate issues. Since non-exhaustion is an affirmative defense, see *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 536 (7th Cir.1999), may it be invoked by a judge *sua sponte*? Because Cuesta was a pretrial detainee at the time of the events he challenges, does § 1997e(a) apply in the first place? Because Cuesta (as a pretrial detainee) was in the custody of a local jail, why should he be required to seek administrative remedies from the Wisconsin Department of Corrections, as the district judge believed necessary? If the right administrative body would be the Dane County Sheriff, who runs the jail where Cuesta was being held, does the Sheriff *offer* any remedies that Cuesta could have exhausted? Is the subject of this suit even a "prison condition" to which § 1997e(a) applies? That phrase has been broadly construed, see *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), but the events of which Cuesta complains may lie outside it. He argues that medical personnel violated his rights by securing blood and urine samples during an evaluation of his competency to stand trial. The medical procedures were conducted in connection with the pending prosecution, but at a mental-health facility rather than the jail. Finally, if exhaustion is necessary, has Cuesta perhaps done what he must? Cuesta filed an administrative complaint with the state's Department of Health and Family Services, which as far as we can tell simply ignored it. What more must a prisoner do?

Several of these issues are legally complex, engendering conflicts among the courts of appeals. Compare *Neal v. Goord*, 267 F.3d 116, 123–24 (2d Cir.2001) (district court lacks power when acting under §§ 1915 and 1915A to invoke § 1997e(a) *sua sponte*), with *Booth v. Churner*, 206 F.3d 289, 292 (3d Cir.2000) (district judge may dismiss complaint for failure to exhaust even if defendant does not request this relief), affirmed on other grounds, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). We would not expect a prisoner who lacks legal assistance to address them with a lawyer's skill. But even *pro se* litigants must identify which subjects they want an appellate court to resolve. Cuesta lost in the district court because the judge thought that he had failed to make a required administrative protest. The issues raised by that ruling may well be beyond any prisoner's legal skills; that *some* administrative steps were required is, however, the plain purport of the district judge's opinion. Yet Cuesta altogether ignored the ground on which he lost. His appellate brief covers only his arguments on the merits. This is inadequate to present any, let alone all, of the complex issues we have sketched. A litigant who ignores the grounds on which the district judge acted cannot prevail on appeal. *Verdone v. Circuit Court*, 73 F.3d 669, 673 (7th Cir.1995); *Brooks v. General Motors Corp.*, 874 F.2d 489, 490 (7th Cir. 1989).

Nor would this be an appropriate case to recruit counsel in order to set up a resolution of the lurking procedural issues. There is little point in jumping through a series of hoops when there is no reward at the end. Blood and urine tests are normal parts of a medical exam, and it is hard to see how the medical personnel could make a responsible evaluation without obtaining them. Many mental problems are caused by chemical or hormonal imbalances that, if detected, can be solved by medication; the Constitution does not prevent the medical personnel carrying out a court-ordered examination from discovering these. Cuesta cannot seek damages in this litigation just because the state court may have erred in ordering him to be examined. If that order was mistaken, Cuesta had to pursue remedies within the state's system. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Cuesta does not contend that the medical personnel used excessive force (or medically inappropriate means) to obtain the samples. He employs the words "excessive force" but his appellate brief makes it clear that by this he means only that the medical staff insisted that he cooperate. They did not, for example, obtain urine by inserting a catheter or needle. A needle was used to draw blood, but this standard medical procedure is not constitutionally objectionable. See *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Cuesta complains that two of the persons involved were women, which he says embarrassed him, but many physicians and nurses are female. Prisoners have no constitutional right to medical procedures conducted exclusively by persons of their own sex. Cf. *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995). And Cuesta's argument that his bodily fluids were taken "without just compensation" does not require analysis.

The appeal is dismissed for lack of a proper appellate brief.

RIPPLE, Circuit Judge, dissenting.

Wisconsin inmate Tomas Cuesta, while a pretrial detainee, brought this action against various employees of Wisconsin's Department of Health and Family Services ("DHFS") under 42 U.S.C. § 1983. He claimed that the defendants violated his civil rights by forcing him to give blood and urine samples during a mental competency evaluation. He also claims that two female DHFS employees observed him while he was giving his urine sample, causing him "embarrassment" and "physical, mental and emotional distress."

The district court, although explicitly noting that Mr. Cuesta might be able to prove a set of facts to support a Fourth Amendment claim, determined that Mr. Cuesta had not exhausted the remedies provided by the Wisconsin Department of Corrections' ("DOC") inmate complaint review system, *see* Wis. Admin. Code §§ DOC 310.01–310.19. Accordingly, on its own initiative, the court dismissed the case without prejudice under 42 U.S.C. § 1997e(a). As the majority opinion points out, there is a serious question as to whether this approach was the correct one. At the time of the challenged events and up until at least when he filed this case, Mr. Cuesta apparently was in the custody of the Dane County Sheriff, not the DOC. He therefore could not have availed himself of the DOC's complaint system because that system applies only to inmates confined in state correctional facilities. *See* Wis. Admin. Code § DOC 310.02. Moreover, the DOC system appears to be available only to raise "significant issues regarding rules, living conditions, and staff actions affecting institution environment,"

*id.* § DOC 310.08(2); here it appears that Mr. Cuesta's claims have nothing to do with the DOC. Rather, he is suing DHFS employees for events that took place while he was in the pretrial custody of the county sheriff. Although Mr. Cuesta might have had remedies available to him through the DHFS, *see id.* §§ HFS 94.28–94.54, his complaint alleges that he filed a grievance with that department but over seven months later still had not received any response. *See id.* § HFS 94.41(5)(b) (written decision resolving grievance is to be issued within forty days from date grievance was presented to program staff person).

My colleagues are quite correct in their estimation that the issues raised by the approach of the district court are complex and that it would be unrealistic to expect a prisoner to address them with a lawyer's skill. Nevertheless, the court dismisses the appeal for lack of a proper appellate brief. Along the way, it renders what amounts to a great deal of dicta on the merits of the complaint, a matter that the district court did not decide definitively but on which it expressed, preliminarily, a contrary opinion.

In my view, we ought to take the decision of the district court as it comes to us. The court ruled on the issue of exhaustion. We believe that the court's decision in that regard is problematic. Rather than faulting the defendant for not raising complex issues that escaped the attention of the district court and dismissing his appeal, we ought simply to vacate the judgment and remand the matter to the district court for further consideration in light of the exhaustion issues that we have identified. We also ought to refrain from addressing prematurely the merits of the case. The district court took a far more charitable view of the complaint, at least as a preliminary matter, and, until the issue is properly before us, we ought not contradict prematurely that view.

Accordingly, I would vacate the judgment of the district court and remand this case to the district court for further consideration of the exhaustion issue.