Carlos A. MONTANEZ, Plaintiff–Appellant,

v.

Marvin POWERS, Terry Caliper, and George Welborn, Defendants–Appellees.

No. 01–3481.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002.*

Decided Aug. 1, 2002.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, RIPPLE, and MANION, Circuit Judges.

### ORDER

Carlos Montanez, a prisoner in the custody of the Illinois Department of Corrections, filed suit in the Southern District of Illinois against DOC employees Marvin Powers, Terry Caliper, and George Welborn. He alleged that Powers and Caliper violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to properly treat him for severe headaches, and that Welborn violated his right to due process by failing to properly handle his grievance regarding medical care. The district court granted Welborn's motion for judgment on the pleadings, and held a trial on Mr. Montanez's Eighth Amendment claims. Mr. Montanez voluntarily dismissed Caliper during trial, and the jury found in favor of Powers. The district court entered judgment in favor of the defendants, and Mr. Montanez appeals.

We cannot review Mr. Montanez's appeal, however, for several reasons. First, Mr. Montanez failed to include a transcript of his jury trial in the record on appeal. Because he is appealing in part from a jury verdict, his failure to include a transcript in the record precludes us from meaningfully reviewing the matter. *See* Federal Rule of Appellate Procedure 10(a)(2) and (b)(2); *LaFollette v. Savage,* 63 F.3d 540, 544 (7th Cir.1995); *Woods v. Thieret,* 5 F.3d 244, 245 (7th Cir.1993). Additionally, Mr. Montanez's brief does not meet the requirements of Fed. R.App. P. 28(a). His brief contains no factual assertions supported by citation to the record, *see* Fed. R.App. P. 28(a)(7), and no legal arguments or citations to relevant authority, *see* Fed. R.App. P. 28(a)(9). His brief states simply that "The plaintiff contradicted the factual allegations of defendants' [sic], and the facts' [sic] it alleged would have supported a judgment for the plaintiff under the Eighth Amendment. Judgment was therefore improper on the record before the district court." Mr. Montanez's reply brief does attempt to raise some legal arguments – he argues in essence that he was unaware that any transcript existed, that the defendants ex-

hibited deliberate indifference in failing to properly treat his headaches, and that defendant Welborn violated his due process rights by denying a grievance he filed. But by failing to include any of these arguments in his opening brief, he has waived them all, and we may not consider them. *See Help At Home, Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 753 n. 2 (7th Cir.2001). Because Mr. Montanez's brief lacks any reasoned legal argument, which we expect from even pro se litigants, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam); *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 673 (7th Cir.1995) (per curiam), we DISMISS this appeal.

APPEAL DISMISSED