Arthur L. GATES Jr., Plaintiff–
Appellant,

v.

John VANNATTA, Superintendent, and
Donald Matthews, Defendants–
Appellees.

No. 01–3597.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2002.*

Decided Nov. 21, 2002.

Before COFFEY, EASTERBROOK,
and MANION, Circuit Judges.

ORDER

Indiana inmate Arthur Gates, Jr. was convicted of destroying state property on a number of different occasions by Conduct Adjustment Boards at the Miami Correctional Facility. The Boards' decisions ordered Gates to pay restitution for the damaged property, which included a surveillance camera, windows, and cell-wall paint. To effect the restitution orders, prison officials froze Gates' inmate trust account, and he subsequently filed this action pro se under 42 U.S.C. § 1983 alleging that by doing so officials violated his rights under the Eighth and Fourteenth Amendments. The CAB decisions also revoked varying amounts of Gates' earned-credit time. The district court dismissed Gates' complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

On appeal, Gates asserts that the district court prematurely dismissed his lawsuit without considering whether the defendants were actually guilty of wrongdoing. But the district court dismissed Gates' complaint because his § 1983 action, if successful, would imply the CAB decisions wrongly took away his credit time. Such a result is foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), unless Gates is first able to invalidate the CAB decisions. Instead of addressing this problem, Gates' appellate brief merely reasserts his entitlement to "the relief he is seeking from the defendants."

Although we construe pro se filings liberally, Gates' appellate briefs ignore the grounds on which the district court acted, and we will not construct arguments for him. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). His reply brief cites legal authority for the proposition that § 1983 has no exhaustion requirement, but even if not waived,[1] *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

1. Normally arguments not raised in the opening brief are waived. However, the defendants' response brief relied almost entirely on the argument that Gates had failed to exhaust his administrative remedies before bringing suit. The defendants asserted as much in a motion to dismiss in the district court, but the district court dismissed Gates' claim under § 1915(e)(2) before ruling on the exhaustion issue, so Gates may not have expected exhaustion to be an issue on appeal.

Cir.2002), this argument would not save Gates' appeal because the cases he relies on are no longer valid in light of the statutorily imposed exhaustion requirement for § 1983 actions with respect to prison conditions. *See* 42 U.S.C. § 1997e(a). We have previously warned pro se litigants that this court will dismiss an appeal that fails to specify any error in the district court's decision. *See Anderson,* 241 F.3d at 545 (7th Cir.2001); *United States ex rel. Verdone v. Circuit Court for Taylor County,* 73 F.3d 669, 673 (7th Cir.1995); *Brooks v. Allison Div. of Gen. Motors Corp.,* 874 F.2d 489, 490 (7th Cir.1989). Because Gates' submissions fail to address the basis the district court gave for its decision, we dismiss his appeal.

APPEAL DISMISSED.