**Jacqueline NGUYEN, Plaintiff–Appellant,**

v.

**STATE OF ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES and State of Illinois Department of Human Services, Defendants–Appellees.**

**No. 02–1600.**

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2003.*

Decided March 27, 2003.

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Jacqueline Nguyen, a Vietnamese–American, sued the State of Illinois Department of Central Management Services and Department of Human Services, claiming that she had been terminated because of her race and national origin in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* The district court granted the defendants' motion to dismiss, concluding that Nguyen's claims were time-barred because she did not file her charge with the EEOC in a timely manner. Nguyen does not

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

challenge this ruling, and we therefore dismiss her appeal.

In her opening brief, Nguyen painstakingly details the events leading up to her termination, but the events occurring after her termination are more relevant to this appeal. On November 21, 1999, the defendants fired Nguyen, a registered nurse, after she allegedly abused and neglected a patient. Nguyen grieved her termination, and an arbitrator denied the grievance on March 28, 2001. On July 23, 2001, she filed an EEOC charge with the Illinois Department of Human Rights, and, after receiving a right-to-sue letter, filed this lawsuit. The district court dismissed Nguyen's complaint. Observing that a charge of discrimination in Illinois must be filed within 300 days of the alleged unlawful employment practice, the court explained that Nguyen's grievance proceedings did not toll the running of the limitations period and her claims were therefore untimely.

For fifty pages, Nguyen's opening brief recites facts that she believes show how the defendants discriminated against her. But she fails to develop (or cite a case in support of) an argument explaining why the district court erred in dismissing her claim. Her reply brief similarly fails to challenge the basis for the court's ruling. By failing to identify why the district court erred (with citations to supporting authority), Nguyen has not complied with Federal Rule of Appellate Procedure 28(a)(9), and therefore has forfeited appellate review of her claims. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001) (dismissing an appeal where the pro se appellant "offer[ed] no articulable basis for disturbing the district court's judgment" and "simply repeat[ed] certain allegations of his complaint and cite[d] one irrelevant case"); *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 673 (7th Cir.1995); *Brooks v. Allison*

*Div. of Gen. Motors Corp.*, 874 F.2d 489, 490 (7th Cir.1989).

Accordingly, we DISMISS her appeal.