Darrick MOORE, Plaintiff–Appellant,

v.

ILLINOIS STATE POLICE,
Defendant–Appellee.

No. 03–1645.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 9, 2004.

Darrick Moore, pro se, Forest Park, IL, for Plaintiff–Appellant.

John P. Schmidt, Office of the Attorney General, Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

ORDER

Pro se litigant Darrick Moore sued the Illinois State Police under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e–17, and 42 U.S.C. §§ 1981 and 1983, alleging that he was harassed at the agency's training academy and eventually terminated because of his race. After dismissing the § 1981 and § 1983 claims as barred by the Eleventh Amendment, the district court granted summary judgment for the defendant on Moore's Title VII claim. We affirm the court's judgment.

Moore, an African American, filed an EEOC charge alleging that he was dis-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

missed from the training academy where he was a cadet after he failed an Emergency Vehicle Operations Course for the fourth time. In his administrative charge Moore alleged that in each of his last three attempts he finished the course in under the required 2 minutes and 45 seconds, but was still given failing scores by Caucasian instructors who subtracted points for errors in handling the vehicle. After receiving his right to sue letter, Moore ultimately filed an amended complaint in the district court claiming both that he was discharged from the academy because of his race, and that while there he was subjected to a hostile work environment due to racial harassment from instructors and other cadets.

After the defendant moved for summary judgment, the district court twice admonished Moore that he must comply with Local Rule 56.1 of the Northern District of Illinois, which requires that a party opposing summary judgment admit or deny the moving party's statement of undisputed facts paragraph by paragraph with citations to evidence in the record or else have them deemed admitted. When Moore did not respond, the district court granted summary judgment for the defendant in a thorough memorandum opinion. The court held that Moore had not established a prima facie case of discriminatory discharge because, even crediting his evidence, Moore could not prove that he was performing his job satisfactorily or that similarly situated cadets who were not African American were treated more favorably. With regard to Moore's additional harassment claim based on a hostile work environment, the court held that Moore could not pursue it judicially because he never exhausted his administrative remedies.

In his opening brief on appeal Moore leaves unchallenged the district court's analysis and instead argues only that he was treated unfairly at the academy. Moore has waived any argument about the district court's handling of his discriminatory discharge claim by waiting to raise it for the first time in his reply brief. *See, e.g., Carmichael v. The Payment Ctr., Inc.,* 336 F.3d 636, 642 (7th Cir.2003). Likewise, Moore does not explain why he believes that the court improperly granted summary judgment on his hostile work environment claim, except to belatedly assert in his reply brief, without citing any record support and contrary to his EEOC charge, that he did complain to the "Illinois Human Rights Department and the EEOC." Although we liberally construe pro se filings, liberal construction does not extend so far as developing and researching legal arguments for litigants proceeding without counsel. *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001); *Mathis v. N.Y. Life Ins. Co.,* 133 F.3d 546, 548 (7th Cir.1998) (per curiam). Moore must present an understandable argument for disturbing the district court's judgment, and he has failed to do so. *See Anderson,* 241 F.3d at 545; *United States ex. rel. Verdone v. Cir. Ct. for Taylor County,* 73 F.3d 669, 673 (7th Cir.1995). Because Moore has not pointed to any error in the court's judgment, nor do we see any obvious one, the judgment of the district court is AFFIRMED.